<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| APRIL MARIE RUSZALA, | Civil Action No. 19-16556 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

<u>**CHESLER, District Judge**</u>

      This matter comes before the Court on the appeal by Plaintiff April Marie Ruszala ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

      In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 1, 2014. A hearing was held before ALJ Denise Martin (the "ALJ") on October 16, 2017, and the ALJ issued an unfavorable decision on April 17, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of April 17, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain additional non-exertional limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with four principal arguments: 1) the ALJ refused to consider certain evidence; 2) at step three, the ALJ did not sufficiently explain the analysis; 3) both the step four and step five determinations are not supported by substantial evidence.

Plaintiff first asks this Court to reverse the Commissioner's decision because the ALJ refused to consider evidence that was submitted after the relevant deadline had passed. Plaintiff begins with the concession that, in doing so, the ALJ made a decision which properly applied the law to the facts. Nonetheless, Plaintiff has complaints about the consequences of the properly-made decision and invites this Court to reverse the Commissioner's decision because of them. This Court declines to do so, for several reasons.

First and foremost, having conceded that the ALJ properly applied the law to the facts, Plaintiff asks that this Court nonetheless reverse the Commissioner's decision in spite of that, with no legal justification. This is an invitation for this Court to err by reversing a decision that

2

was properly made, without legal justification for reversal, which this Court will not do. Moreover, Plaintiff alleges circumstances tending toward the inference that her previous counsel ineffectively assisted her. That may or may not be the case. It is, however, no basis to reverse a lawful decision by the Commissioner. Plaintiff has provided no legal argument to support what appears to be a detour outside the scope of this Court's statutory authorization to review final decisions of the Commissioner, pursuant to 42 U.S.C. § 405(g).

Plaintiff's remaining arguments, that the ALJ erred at steps three, four and five, suffer from two principal defects: 1) they fail to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) they fail to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

3

It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps three and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff argues that, at step three, the ALJ did not sufficiently explain the analysis of the paragraph B criteria for the Listings for mental disorders. Plaintiff concedes, however, that the ALJ explained that she based her determination on the evaluation of Dr. Coffey. (Tr. 23.) Plaintiff makes only the sweeping and conclusory assertion that this was insufficient, with no analysis of the explanation that the ALJ *did* give, nor any demonstration that the paragraph B determinations are not supported by substantial evidence. What are the specific unanswered questions that Plaintiff has about the explanation that the ALJ gave? What are the material issues at play here? How exactly has meaningful review been impeded? Under Shinseki, on appeal, Plaintiff bears the burden of proof both that the ALJ erred and that she was harmed by the error. Here, Plaintiff has not demonstrated that the ALJ erred, and has not even attempted to demonstrate that the evidence of record supports a determination that she meets the criteria for any of the mental disorder Listings that Plaintiff cites. Plaintiff relies on little more than the generalized and conclusory assertion that the ALJ did not explain her reasoning sufficiently, and this Court is not persuaded.

Plaintiff concludes by arguing that the ALJ's determination at step three is contrary to the weight of the evidence, but supports this only with a few generalized assertions and no citations to any evidence of record. This Court finds that Plaintiff has failed to prove that the ALJ erred at step three or that she was harmed by any error.

Plaintiff next argues, in a subheading, that the ALJ's residual functional capacity ("RFC") determination at step four is not supported by substantial evidence. Under that subheading, Plaintiff makes two arguments. First, Plaintiff contends that the ALJ does not mention Plaintiff's history of partial hospitalization or daily treatment. The Court need consider the accuracy of this assertion because, even if it is correct, the Court makes two observations: 1) Plaintiff cites no record evidence in support of the proposition that Plaintiff has had partial hospitalization and daily treatment;[1] and 2) more crucially, what is the connection between that evidence, if correct, and Plaintiff's residual functional capacity? Plaintiff has not sufficiently developed this argument.

Second, Plaintiff points to the ALJ's determination that Plaintiff needs a job with no interaction with the public, and only brief interaction with supervisors and coworkers. Plaintiff does not, however, challenge the determination, but queries: "If one accepts that this is valid, as was found by the Administrative Law Judge, the question would have to be asked first, with

---

[1] To quote the Third Circuit:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted).

5

regards to the Listings of Impairments how is this not an 'extreme' limitation of function?" (Pl.'s Br. 39-40.)   The Court does not understand how this question challenges the residual functional capacity determination.   Plaintiff has demonstrated no error at step four.

Last, Plaintiff makes two arguments in regard to the findings at step five.   First, Plaintiff points out that hypotheticals presented at step five which are based on an erroneous residual functional capacity determination are themselves erroneous.   This is correct as a general principle, but Plaintiff has not persuaded this Court that the residual functional capacity determination was erroneous.   Second, Plaintiff contends that, contrary to what the ALJ determined, there are no jobs for people who are capable of only brief interaction with supervisors and coworkers.   The Court makes two observations: 1) Plaintiff concedes that the vocational expert testified at the hearing that such jobs existed; and 2) Plaintiff concedes that counsel, at the hearing, did not challenge that testimony.   "Courts are not permitted to re-weigh the evidence or impose their own factual determinations."   Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).   The step five determination is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that Plaintiff was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                   s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.

Dated: November 17, 2020